# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ING BANK,**
                **Plaintiff,**

**-vs-**                                            Case No. 6:08-cv-1639-Orl-18DAB

**BRENDA RIVERNIDER,**
**DARRYL RIVERNIDER,**
**CHAD RIVERNIDER,**
**NEAR THE BEACH MORTGAGE, INC.,**
**d/b/a 1st Continental Mortgage,**
                **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO EXTEND TIME TO SERVE RIVERNIDER DEFENDANTS OR ENTER DEFAULT AGAINST THEM (Doc. No. 24)** |
| **FILED:** | **March 20, 2009** |

Plaintiff has voluntarily withdrawn the portion of their Motion that seeks a default against the Rivernider Defendants and seeks only an extension of time to serve them. *See* Doc. No. 31. **THEREON** it is **ORDERED** that the motion for an extension of time to serve the Rivernider Defendants is **GRANTED**. Plaintiff is granted 30 additional days to personally serve the Riverniders, or to move for substituted service pursuant to Fed. R. Civ. Pro. 4(e)(1) and Florida Statutes.

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 22)** |
| **FILED:** | **February 12, 2009** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. Plaintiff has made no argument for entry of a separate judgment against Near the Beach Mortgage consistent with Federal Rule of Civil Procedure 54(b).

In addition, Mr. Symonovicz's[1] Motion for Sanctions (Doc. No. 28) remains pending and Plaintiff ING Bank has not timely filed a response. Local counsel for ING Bank, Mr. Stanton, filed a Status Report as directed by the Court at the April 8, 2009 hearing. Doc. No. 31. However, California counsel representing ING Bank, Gary Park, Esq.[2], has not filed any response to Mr. Symonovisz's Motion for Sanctions. Mr. Park represented in the Motion for Extension of Time to Serve the Riverniders (Doc. No. 24) that Mr. Symonovicz "was authorized by his client and would accept service of the summons and complaint on the Rivernider Defendants' behalf. On February 20, 2009, ING's counsel Sent Mr. Symonovizc an email memorializing that conversation." Doc. No. 24 (supported by Mr. Park's declaration). Mr. Symonovicz vehemently disputed at the hearing and in the Motion for Sanctions (Doc. No. 28) that he had agreed to accept service for the Riverniders in this federal case. Although one month had passed between the time Mr. Symonovicz's responsive emails were sent (February 23, 2009) and the time Mr. Park filed his declaration in support of the Motion (on March 20, 2009), Mr. Park failed to attach Mr. Symonovicz's *responses* to the Motion, leaving the Court with the impression that Mr. Symonovicz conceded that he would accept service on behalf of the Riverniders and later denied it. *See* Doc. No. 28. It appears from the responsive emails that Mr. Symonovicz, at a minimum, disputed immediately (within one business day) whether he agreed to accept service on behalf of the Riverniders in this federal case.

Because the Motion for Sanctions was filed without sufficient time for the Federal Rule of Civil Procedure 11 safe harbor window to apply, the Court is willing to allow Mr. Park time to resolve issues raised in the Motion for Sanctions, if that can be done to the satisfaction of Mr. Symonovicz who was required to cut short a vacation and travel to the Middle District to appear at the show cause

---

[1] Mr. Symonovicz is appearing as a movant in the in the case and *not* as counsel for the Defendant Riverniders. *See* Doc. No. 27.

[2] Mr. Park is appearing *pro hac vice.*

hearing based on the one-sided representation of emails that Mr. Park made in the Motion for Extension of Time to Serve the Riverniders (Doc. No. 24).

If a resolution cannot be reached, counsel for Plaintiff, Gary Park, is **ORDERED** to file a response to the Motion for Sanctions (Doc. No. 28) by May 8, 2009.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record (including movant)