**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ING BANK,**

                **Plaintiff,**

**-vs-**                                               **Case No. 6:08-cv-1639-Orl-18DAB**

**BRENDA RIVERNIDER,
DARRYL RIVERNIDER,
CHAD RIVERNIDER,
NEAR THE BEACH MORTGAGE, INC.,
d/b/a 1st Continental Mortgage,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT NEAR THE BEACH MORTGAGE, INC. DBA 1ST CONTINENTAL MORTGAGE (Doc. No. 63)**
>
> **FILED:**      **April 5, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiff ING Bank filed suit against the borrowers and their mortgage broker for claims arising out of a residential mortgage loan based on the fraudulent application which inflated the borrowers' income and misstated their intended occupancy. Doc. No. 1. District Judge Sharp previously entered a judgment in favor of Plaintiff ING Bank against Defendants Brenda Rivernider,

Darryl Rivernider (collectively the "Riverniders"), Chad Rivernider, on Plaintiff's Motion to enforce the terms of the settlement agreement, when Defendants defaulted on payment of the last installment of $4,000[1]. Doc. No. 62.

Plaintiff now moves for default judgment against the single remaining Defendant Near the Beach Mortgage, Inc., d/b/a 1st Continental Mortgage (the "Mortgage Company"). Doc. No. 63. Defendant having failed to appear, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED** against the Mortgage Company and an amended judgment be entered.

**Default Judgment**

The Court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Gonopolsky v. Korchak*, 2007 WL 3333482, *1-2 (M.D. Fla. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Gonopolsky*, 2007 WL 3333482 at * 1-2 .

Even though a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default; instead, the Court determines the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey,*

---

[1] Because Plaintiff failed to state that the claims against the fourth Defendant remained outstanding and were not part of the settlement, it appeared at that time Plaintiff had abandoned its claims against the Mortgage Company despite the entry of default which had been entered more than one year before.

*Inc.*, 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999)). A hearing is not necessary where sufficient evidence is submitted to support the request for damages. *Id.*

On September 24, 2008, Plaintiff filed a Complaint against Defendants for fraud in the inducement and unfair trade practices. Doc. No. 1. The Mortgage Company was served on October 8, 2008 by personal service on its registered agent Chris Cantwell[2]. Doc. No. 9. Following an extension agreed to by Plaintiff, the Mortgage Company had until December 1, 2008 to answer or otherwise plead. *See* Doc. No. 13. Plaintiff obtained an entry of default against the Mortgage Company on December 3, 2008, when it failed to respond to the Complaint. Doc. No. 14.

The Court finds that the Mortgage Company's failure to timely respond to the Amended Complaint and subsequent entry of default against it served to admit the well pleaded allegations of the Complaint against the Mortgage Company. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). To prove fraud under Florida law, a plaintiff must establish that the defendant made a "deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." *First Interstate Dev. Corp. v. Ablanedo*, 511 So.2d 536, 539 (Fla.1987).

On October 9, 2007, the Mortgage Company represented the Riverniders in their efforts to obtain a loan for the purchase of a condominium at 2855 S. Atlantic Ave., Unit 204, Daytona Beach Shores, Florida (the "Subject Property") through Plaintiff ING Bank. Doc. No. 1 ¶ 8. Brenda Rivernider is the owner of the Subject Property. Doc. No. 63 at 14 (Rivernider Decl.). On or about September 5, 2007, she contacted Amilio Zurora who she knew as an assistant manager for RBC Bank

---

[2]Although a different business address was listed on the summons for the registered agent, Chris Cantwell, 5803 1st Ave Dr. NW, Bradenton, FL 34209 is the address listed for the registered agent on the website for the Florida Secretary of State. *See* www.sunbiz.org.

-3-

where she had bank accounts to apply for a mortgage loan on the subject property. During that telephone call, Mr. Zurora asked her some questions about her employment and income and she gave him true information over the telephone, including that her income was $15,000 per year. *Id*. She was given a blank application to sign, and she later found out as a result of the lawsuit that the application falsely stated that her income was $328,800 per year. At the Mortgage Company's request and encouragement, she signed that loan application which included the false statement inflating her income. *Id.* The Mortgage Company submitted the loan application to ING Bank, and her loan was approved on October 9, 2007 for $526,500. At the request of the Mortgage Company and in connection with the ING Bank loan, she signed a Deed of Trust on the Property and an Adjustable Rate Note in favor of ING Bank on November 7, 2007. *Id*.

ING Bank subsequently funded the loan for $526,500. *Id*.; Doc. No. 63 at 4 (Gray Decl.). The Mortgage Company received a total of $16,145 in origination and other fees in connection with the loan. Gray Decl. Brenda Rivernider made payments on the loan for three months but then stopped making payments to ING Bank in March 2008, and she has made no payments on the loan to ING since that time. Rivernider Decl.; Gray Decl. ING Bank accelerated the Note and declared due and payable in full as a result of the default; as a result of settlement Brenda Rivernider, she and ING executed a deed-in-lieu of foreclosure and ING Bank was reconveyed the property which secured the Note. At the time of reconveyance, the total outstanding balance on the Note, including late fees and charges, was $596,981.86. Gray Decl. The Subject Property has not been resold and ING Bank has not received any value for the Subject Property. *Id*.

Scott Gray, ING Bank's Head of Broker Lending, states that ING has suffered damages in the amount of $596,981.86, the outstanding balance of the unpaid loan, plus the $16,145 which the

Mortgage Company improperly received in the form of a rebate, mortgage origination fee, appraisal and other fees. Gray Decl. With interest calculated at the contract rate of 7.75% per annum since September 24, 2008 (date of filing suit) totaling $72,773.12 through April 5, 2010, total costs amount to $685,899.98 as set forth below:

| Principal Balance | $596,981.86 |
|---|---|
| Interest at the contract rate of 7.75% from September 24, 2008 through April 5, 2010[3] | $72,773.12 |
| Improper rebate, origination fee, appraisal and other fees | $16,145.00 |
| TOTAL: | $685,899.98 |

ING Bank plans to seek attorneys' fees and costs by separate motion after entry of judgment. Doc. No. 63.

The Court finds that, based on the evidence in the record and by virtue of the admitted allegations in the Complaint, the Mortgage Company made false representations of Brenda Rivernider's income level, which the Mortgage Company knew to be false, for the purpose of ING Bank relying on such statements in approving a mortgage for Brenda Rivernider and certain fees to be paid to the Mortgage Company, and ING Bank's reliance was reasonable. Accordingly, it is respectfully **RECOMMENDED** that ING Bank's Motion for Default Judgment be **GRANTED** and an Amended Final Judgment be entered which includes the language from the original judgment (Doc. No. 62) and adds judgment for ING Bank on its claims for fraud in the inducement and unfair trade practices in the Complaint (Doc. No. 1). ING Bank is **DIRECTED** to submit a proposed final

---

[3]The calculation of interest may need to be adjusted for the additional days that have passed, since no per diem was given.

-5-

judgment with the current calculation of interest and the revisions as set forth in this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 18, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy